**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| ANDREW RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | 08 C 4824 |
| ) | |
| v. ) | |
| ) | JUDGE KENDALL |
| CITY OF CHICAGO, Illinois, a municipal ) | |
| Corporation, and Chicago Police Officers ) | |
| DARRIN MACON (3782), TIM TATUM ) | MAGISTRATE JUDGE COLE |
| (18647), RALPH HARPER (14327), ) | |
| PHILLIP ORLANDO (2208), WILLIAM ) | |
| MEISTER (20423), PATRICK FORD ) | |
| (21029), LEO SCHMITZ (#605), and ) | |
| GLENN EVANS (443), ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT**

Plaintiff, ANDREW RICHARDSON, ("Plaintiff"), by his attorney, Tony Thedford, makes the following complaint against Defendant CITY OF CHICAGO, ILLINOIS, ("Defendant CITY"), Chicago Police Officers DARRIN MACON, TIM TATUM, RALPH HARPER, PHILLIP ORLANDO, WILLIAM MEISTER, PATRICK FORD, LEO SCHMITZ, and GLENN EVANS, ("Defendant OFFICERS"):

**JURISDICTION & VENUE**

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. '' 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. ' 1391(b) as the events giving rise to the claims asserted in

1

this complaint occurred within this District.

## PARTIES

4. Plaintiff is a thirty-year old resident of Country Club Hills, Illinois.

5. Defendant OFFICERS were at all relevant times, Chicago police officers employed by Defendant CITY, and acting under color of law and within the scope of their employment.

6. Defendant CITY is a municipal corporation and public entity incorporated under the laws of Illinois.

## FACTS

7. Just after midnight, on or about August 25, 2007, Plaintiff was sitting inside his parked car talking with a woman he had just taken on a date, Kim Scott. Plaintiff was parked on the street in front of Ms. Scott's home, at or near the location of 745 East 88th Street, in Chicago, Illinois.

8. As he and Ms. Scott talked, Defendant MACON arrived on the scene and stopped his vehicle in the street blocking Plaintiff's vehicle in its parking spot. Defendant MACON threatened and swore at Ms. Scott, and she and Defendant MACON began to argue from inside the two vehicles.

9. After some time period, Plaintiff interrupted and told Defendant MACON he didn't have anything to do with their quarrel and told him to move his truck so Plaintiff could leave.

10. Defendant MACON responded with a threat, stating, "I'll whip your little ass."

11. A verbal argument then ensued between Defendant MACON and Plaintiff, and ended when Defendant MACON threw a cup of soda at Ms. Scott striking her in the chest and face and splattering her with soda.

12. Defendant MACON then drove away and Plaintiff followed him to get his license plate and report the incident.

13. Plaintiff followed Defendant MACON for a few blocks into a nearby Target parking lot.

Once in the well-lit lot, Plaintiff was able to get the license plate number from Defendant MACON's car. Once he had the plate number, Plaintiff then turned his car around and began driving away from Defendant MACON. As Plaintiff began to drive away, Defendant MACON got out of his car holding his service revolver, announced his office, and when Plaintiff did not stop driving away, Defendant MACON fired his service revolver at Plaintiff striking Plaintiff's driver's side door and narrowly missing Plaintiff himself.

14. On information and belief, Defendant MACON, was acting in the scope of his employment as a Chicago Police Officer when he exited his vehicle, drew his service weapon and announced his office, in that he was attempting to detain Plaintiff until his fellow officers arrived.

15. At about the same time Defendant MACON shot at Plaintiff, other Chicago police officers, including, Defendants OFFICERS began arriving on the scene. Plaintiff informed them that Defendant MACON had a gun and one or more of these other Chicago Police Officers ordered Defendant MACON to drop his gun.

16. One or more of Defendant OFFICERS then conferred with Defendant MACON, and thereafter, without speaking to Plaintiff or any other witnesses, placed Plaintiff under arrest and handcuffed him.

17. Defendant OFFICERS transported Plaintiff to the police station where he was held against his will until the following morning.

18. Without probable cause to believe he was guilty of a crime, but in order to cover up the wrong doing of their fellow officer, Defendants caused Plaintiff to be charged with two misdemeanor offenses: Aggravated Assault of a Police Officer and misdemeanor battery.

19. Defendant OFFICERS created false police reports and gave false and misleading accounts of witness interviews to other police officers and Assistant State's Attorneys in order to cover up the

misconduct of their fellow officer, Defendant MACON.

20. Plaintiff was forced to hire a criminal defense attorney to represent him on the false charges placed against him by Defendants.

21. Ultimately, these charges were all dismissed by the State's Attorney's Office.

22. Plaintiff will now have to hire an attorney to expunge this unlawful arrest from his record

23. Plaintiff has suffered emotional damages as a result of being shot at by a police officer and then falsely charged with an offense he did not commit.

**Count I:  § 1983 Excessive Force**

24. Plaintiff re-alleges paragraphs 1-23 as if fully restated here.

25. As more fully described in the preceding paragraphs, the intentional conduct of Defendant MACON toward Plaintiff was objectively unreasonable and constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

26. As a direct and proximate result of Defendant MACON's use of excessive force, Plaintiff suffered financial, physical and emotional damages which will be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendant MACON in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

**Count II:  §1983 Unlawful Search & Seizure**

27. Plaintiff re-alleges paragraphs 1-23 as if fully restated here.

28. As more fully described in the preceding paragraphs, seized and searched Plaintiff without a warrant, without probable cause, and without any other legal justification, in violation of the Fourth and Fourteenth Amendments to the United States' Constitution.

29. On information and belief, one or more of Defendants were aware of their fellow officers'

misconduct and had a reasonable opportunity to intervene to prevent it, but failed to do so.

30. As a direct and proximate result of Defendant OFFICERS' misconduct, Plaintiff has suffered damages as described in preceding paragraphs and which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

### Count III -- §1983 Conspiracy

31. Plaintiff re-alleges paragraphs 1-30 as if fully restated here.

32. Defendant OFFICERS impliedly or expressly conspired and agreed to violate Plaintiffs' constitutional rights and to cover up the wrong doing of Defendant MACON, acting in furtherance of this conspiracy as more fully described above.

33. As a direct and proximate result of this conspiracy, Plaintiff suffered financial, physical and emotional damages as described in preceding paragraphs and which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

### Count IV: Policy Claim

34. Plaintiff re-alleges paragraphs 1 through 33 as if fully restated here.

35. Plaintiff's injuries in this case were proximately caused by policies and practices of Defendant CITY, which allows its police officers to violate the constitutional rights of citizens without fear of any real punishment for such misconduct. In this way, Defendant CITY violated Plaintiffs' rights since it created the opportunity for Defendant OFFICERS to commit the foregoing constitutional violations.

36. The above-described misconduct has become so common as to be a widespread practice, and so well settled as to constitute *de facto* policy in the Chicago Police Department. This policy was able to exist and thrive because governmental policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.

37. The widespread practice described in the preceding paragraphs was allowed to flourish because Defendant CITY has declined to implement sufficient training and/or any legitimate and/or effective mechanisms for oversight and/or punishment of police officer misconduct, and actually promotes the covering up the misconduct of fellow officers, instead.

38. As a direct and proximate result of Defendant CITY's policies and practices, Plaintiff has suffered physical, emotional and economic damages, which will be proven at trial.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant CITY in a fair and just amount sufficient to compensate him for the injuries he has suffered, plus costs, reasonable attorneys' fees, and all such other relief as this Court finds just and equitable.

## Count V: Assault

39. Plaintiff re-alleges paragraphs 1-23 as if fully restated here.

40. As more fully described above, Defendant MACON willfully and wantonly and without legal justification, shot at Plaintiff placing him in imminent fear of great bodily harm.

41. As a direct and proximate result of this intentional misconduct, Plaintiffs suffered financial, physical and emotional harm, which will be proven at trial.

42. Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his employment.

43. At the time when he shot at Plaintiff, Defendant MACON was an agent of Defendant CITY,

and acting within the scope of his employment as a Chicago Police Officer. Defendant CITY, therefore, is liable as principal for all torts committed by Defendant MACON.

WHEREFORE, Plaintiff prays for judgment against Defendant MACON and Defendant CITY in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, as well as such other relief as is just and equitable.

### Count VI – False Imprisonment

44. Plaintiff re-alleges paragraphs 1-23 as if fully restated here.

45. As more fully described above, Defendant OFFICERS willfully and wantonly imprisoned Plaintiff, without probable cause or any other legal justification to do so.

46. As a direct and proximate cause of this misconduct, Plaintiff has suffered damages as described in preceding paragraphs and which will be proven at trial.

47. Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

48. At all relevant times, Defendant OFFICERS were agents of Defendant CITY, and acting within the scope of their employment as a Chicago Police Officers. Defendant CITY, therefore, is liable as principal for all torts committed by Defendant OFFICERS.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, as well as such other relief as is just and equitable.

### Count VII -- Malicious Prosecution

49. Plaintiff re-alleges paragraphs 1-23 as if fully restated here.

50. As more fully described above, Defendants willfully and wantonly initiated criminal

proceedings against Plaintiff, and/or caused the criminal proceedings to continue against him, without probable cause to believe he had committed a crime.

51. With malice, willfulness, and/or reckless indifference to Plaintiff's rights, Defendants created false and/or inaccurate police reports, gave false accounts regarding their investigation to other police officers and/or Assistant State's Attorneys and/or fabricated evidence.

55. The criminal proceedings against Plaintiff were terminated in his favor, in a manner indicative of innocence.

56. As a direct and proximate result of this malicious prosecution, Plaintiff suffered financial, physical and emotional damages for having to defend himself against the false charges placed against him.

57. Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

58. At all relevant times, Defendant OFFICERS were agents of Defendant CITY, and acting within the scope of their employment as a Chicago Police Officers. Defendant CITY, therefore, is liable as principal for all torts committed by Defendant OFFICERS.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he has suffered, as well as such other relief as is just and equitable.

**Plaintiff demands a trial by jury.**

ANDREW RICHARDSON, Plaintiff

By: __/s/ Tony Thedford__
    Attorney for Plaintiff

TONY THEDFORD
Law Offices of Tony Thedford
11 South LaSalle Street
Suite 1000
Chicago, IL 60603
(773) 752-6950
ATTY NO. 6239316