IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 08 C 4824 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Virginia M. Kendall |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Andrew Richardson filed a seven-count complaint against Defendant Officer Darrin Macon, seven of his colleagues, and the City of Chicago, alleging excessive force and assault against Officer Macon, unlawful search and seizure, false imprisonment, malicious prosecution and conspiracy against all eight individual defendant officers, and a *Monell* claim against the City.   At summary judgment, Plaintiff lost the *Monell* claim and the unlawful search claim in their entirety, and lost the false imprisonment claim against four of the officer defendants.   At trial, Plaintiff lost all claims except the excessive force claim against Officer Macon.  The jury answered a special interrogatory that Officer Macon was acting in the scope of his official duties when he fired his gun in the plaintiff's direction and awarded the plaintiff $1 in compensatory damages and $3,000 in punitive damages against Officer Macon.

Plaintiff petitioned for an award of attorneys' fees under 42 U.S.C. § 1988 in the amount of $675,363.75.  This Court referred the matter to Magistrate Judge Jeffrey Cole, who issued a Report and Recommendation (the "R&R") recommending that the Court reduce the award by not less than 55% to approximately $303,000, plus costs in the amount of $9,810.10 [Dkt. No. 412].

Judge Cole also recommended that the City not be liable for attorneys' fees and non-taxable costs under 42 U.S.C. § 1988 because the jury returned only a nominal award of $1 against the City. But Judge Cole found Plaintiff to be the "prevailing party" for purposes of § 1988 in light of the $3,000 punitive award against Officer Macon and therefore awarded the attorneys' fees to be paid by Officer Macon. Judge Cole specifically declined to address whether the City might be liable for the attorneys' fees awarded against Officer Macon pursuant to any terms of employment between the City and Officer Macon.

Officer Macon now objects to Judge Cole's Report and Recommendation. Plaintiff responded to all objections, while the City responded only to the objection that the attorneys' fees liability should be borne by the City. For the reasons stated herein, Officer Macon's objections are overruled in part and sustained in part and the R&R is adopted as modified herein. Plaintiff has also filed a motion for prejudgment interest, which motion is granted in part for the reasons stated below. Finally, the Court addresses the City's pending bill of costs.

## Objections

### A.  Standard of Review

Motions for attorneys' fees and costs are reviewed *de novo* pursuant to Federal Rule of Civil Procedure 72(b). *Rajaratnam v. Moyer*, 47 F.3d 922, 925 (7th Cir. 1995) (an application for attorney's fees are not non-dispositive matters upon which a magistrate may make an independent decision); *accord Alpern v. Lieb*, 38 F.3d 933 (7th Cir. 1994). In conducting a *de novo* review pursuant to Rule 72(b) the Court need not conduct a new hearing but must give fresh consideration to each specific objection made. *Id.* The district court judge makes the ultimate decision to adopt, reject, or modify the recommendation, or return it to the magistrate

judge with further instructions. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009), Fed. R. Civ. P. 72(b)(3).

**B. Judge Cole correctly determined that a $3,000 award is sufficient to support an award of fees under 42 U.S.C. § 1988.**

Officer Macon objects to Judge Cole's determination that attorneys' fees may be awarded to Plaintiff as a "prevailing party" on the basis of the $3,000 punitive damages award against Officer Macon.

As an initial matter, Officer Macon bases his objection before this Court on Judge Cole's alleged failure to recognize that Officer Macon joined in the City's opening response to the fee petition with respect to arguments about *de minimis* or nominal damages under § 1988. But Judge Cole correctly determined that Officer Macon did not join in the City's initial argument as to what constitutes a *de minimis* damage figure for purposes of determining the "prevailing party" under § 1988 and that Officer Macon therefore waived any objection to Plaintiff being found to a "prevailing party" with respect to Officer Macon. Officer Macon's initial response to the motion for award of attorneys' fees expressly limited his joinder with the City's response to the reasonableness of the fee awarded, stating:

> Should the Court conclude that Plaintiff was the prevailing party, and further find that Defendant Darin Macon is solely responsible for any attorney's fees and costs, Defendant Macon joins with the City of Chicago in their response challenging the validity, reasonableness, and necessity of the attorneys' fees and costs requested by Plaintiff.

Macon Resp. at ¶ 4 (Dkt. no. 399). Officer Macon did not otherwise address in his own filing whether the $3,000 punitive award could be sufficient damages to make Plaintiff a "prevailing party" against Officer Macon for purposes of § 1988 and Judge Cole correctly concluded that Officer Macon's response presented no argument whatsoever that such a finding was not

appropriate. Judge Cole did address, in detail, the City's argument that the $1 compensatory award against the City constitutes a *de minimis* damage award that does not merit the award of attorneys' fees under § 1988. The City of course did not concern itself with the $3,000 punitive award since the City is not personally liable for it, and neither the City nor the Plaintiff objected to Judge Cole's recommendation that the $1 compensatory award be considered nominal and the $3,000 punitive award against Officer Macon be considered more than nominal. Therefore, the original papers contained no arguments that the $3,000 punitive award should not be sufficient to make Plaintiff a "prevailing party" against Officer Macon for purposes of § 1988.

Independent of any waiver by Officer Macon, Judge Cole's determination that a $3,000 punitive verdict is not *de minimis* is consistent with case precedent. To determine whether a plaintiff has achieved enough success to be entitled to an award of attorneys' fees under § 1988 when seeking damages to compensate him for his injuries, the court considers the difference between the judgment recovered and recovery sought by the plaintiff, the significance of the legal issue on which the plaintiff prevailed, and the public purpose sought by the litigation. *Frizell v. Szabo*, 647 F.3d 698, 702 (7th Cir. 2011); *Farrar v. Hobby*, 506 U.S. 103, 112 (1992). The degree of success is the most important of the three factors, and in cases of a nominal award may result in no award at all. *Farrar*, 506 U.S. at 114. Judge Cole found the jury's nominal award against the City to be such an instance, and Plaintiff has made no objection to that ruling.

But Judge Cole wisely determined that Officer Macon's circumstances are different. Officer Macon received a $3,000 award against, him which is not a nominal award. *See Cole v. Wodziak*, 169 F.3d 486, 488 (7th Cir. 1999) (award of $2,000 compensatory and $1,500 punitive for a plaintiff makes him a prevailing party under § 1988). It was also a punitive award, assessed against Officer Macon personally, therefore distinguishing this case from *Frizell*, to which

Officer Macon endeavors to compare, and instead falls squarely under the precedent of *Farrar* that a prevailing party be one who obtains a judgment that will "affect the behavior of the defendant toward the plaintiff." *Farrar*, 506 U.S. at 111 (quoting *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988)); *see also Edwards v. Rogowski*, 2009 WL 742871 at *2 (N.D. Ill. 2009) (award consisting primarily of punitive damages "in and of itself demonstrate the plaintiffs' significant victory") (citing *Thomas v. City of Tacoma*, 410 F.3d 644, 648 (9th Cir. 2005) ("The jury's award of punitive damages alone is sufficient to take it out of the nominal category.")  The Supreme Court in *Riverside v. Rivera* specifically recognized the public purpose of litigation in deterring unlawful police conduct. 477 U.S. 561, 572 (1986).  The $3,000 award is sufficient to sustain an award of attorneys' fees under § 1988.

The difference between the $500,000 that Plaintiff sought during settlement negotiations, against all officers on all claims, the $200,000 her requested at trial, and $3,000 punitive damage award he ultimately received at trial, is far from irrelevant.  Judge Cole certainly took the discrepancy into account, and did so at the appropriate point in the analysis - determining the reasonableness of the fees awarded.  Recent caselaw suggests that a large disparity between demand and reward is relevant to reasonableness of fees awarded under § 1988, but that no *per se* rule exists for the award of attorneys' fees based on proportionality alone.  *See, e.g., Tuf Racing Prods., Inc. v. American Suzuki Motor Corp.*, 223 F.3d 585, 592 (7th Cir. 2000) (there is no per se rule against awarding attorneys' fees with the plaintiff has recovered less than 10% of his demand); *Moriarty v. Svec*, 233 F.3d 955, 967-68 (7th Cir. 2000) ("*Moriarty I*") (proportionality concerns are relevant to the determination of what a reasonable attorney's fee is); *SKF USA Inc. v. Bjerkness*, 2011 WL 4501395 at *3 (N.D. Ill. Sep. 27, 2011) (collecting cases).  Judge Cole properly addressed the disparity between Plaintiff's settlement demand and

5

Plaintiff's recovery as an issue affecting the amount of the award, not the grant of it, and Officer Macon's first objection is therefore overruled.

### C.  Judge Cole correctly refrained from determining whether the City is vicariously liable for the fees owed by Officer Macon.

Officer Macon next objects to Judge Cole's recommendation that the application of the City of Chicago CBA with the police officers' union be left "for another day."   In response to Officer Macon's objection contending that the City should be liable under the CBA, the City has filed a separate response arguing that the CBA should not apply.  Plaintiff supports this Court determining that the City is liable for Officer Macon's fees, presumably given the depth of the City's pockets relative to Officer Macon's.

All parties assume that this Court will make the decision about the application of the CBA, but none of the parties provide this Court with a basis for why it has jurisdiction to do so. Judge Cole was absolutely correct to refrain from deciding the issue.  The City is not liable for punitive damage awards of its officer awarded under § 1983 and is not liable for the accompanying award of fees under § 1988.  *See Robinson v. City of Harvey, Ill.*, 617 F.3d 915, 917 (7th Cir. 2010) (city did not bear any responsibility for fees connected with a punitive damages award).  The § 1983 suit is the suit before this Court, and it has gone to judgment.  Any dispute between Officer Macon and the City as to whether the attorneys' fees awarded against Officer Macon should be covered by another aspect of those parties' relationship, to the extent it cannot be settled between the parties, is an issue for arbitration under the terms of the CBA or for suit in state court.  This Court need only determine the amount of the award levied against Officer Macon, and shall not move beyond that determination.

**D. Some of the Hours Expended by Plaintiffs are Specific to Claims Lost at Trial and Will be Eliminated from the Lodestar Calculation.**

Third, Officer Macon objects that certain of the City's line-by-line objections to Plaintiff's fees were not accepted by Judge Cole, who concluded that the fees were so intertwined between the claims sought as to be indistinguishable.[1]   For purposes of § 1988, reasonable attorneys' fees are calculated by the lodestar method, multiplying the hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). For the most part in this case Judge Cole is entirely correct, especially with respect to the hours expended occurred during the discovery portion of the case. Judge Cole – who supervised the parties during discovery – is perfectly suited to determining whether the parties discovery actions were interwoven so as to relieve the court of the obligation to perform a line-by-line analysis of a fee petition that would be unlikely to produce a reliable result. *See Divane v. Krull Elec. Co.*, 319 F.3d 307, 317 (7th Cir. 2003).

While the Court generally agrees with Judge Cole's assessment, there are there are a few discrete time entries related to the briefing conducted after discovery had closed and Judge Cole's referral had concluded that merit re-examination. Judge Cole cannot be faulted for having viewed these entries as inseparable because this Court's analysis is guided by this Court's own experience reviewing the briefing on summary judgment. In light of this Court's experience examining those briefs, this Court is confident that certain of Plaintiff's time entries at the time of summary judgment can be attributed definitively only to those claims on which Plaintiff did not prevail. In particular, the $16,745.00 in fees spent actively researching and drafting the City's motion for summary judgment on the *Monell* claim, upon which the City prevailed and

---

[1] As no party objected to Judge Cole's recommendation as to the rates of Plaintiff's attorneys, Section III A of the Report and Recommendation is adopted as unopposed.

that was unrelated to any other claim, should be removed from the lodestar calculations. *See* Ex. B to City Resp. to Fee Pet., Dkt. No. 404-2. Additionally, the $42,792.25 in fees expressly expenses on responded to the motion for summary judgment filed by the individual officer defendants, which motion did not include Officer Macon, should also be removed from the lodestar calculation because the time entries are expressly related to claim upon which the Plaintiff failed to prevail at trial. *See* Ex. B, B-1 to City Resp. to Fee Pet., Dkt. No. 404 at 10.

**E.  Proportionality and Overstaffing Justify a Reduction of 80% off the Lodestar Calculation.**

The lodestar method, having been initially calculated, may be adjusted based on numerous factors, particularly the "results obtained." *Hensley*, 461 U.S. at 434 n.9. Proportionality is a particular concern; the court should employ "increased reflection before awarding attorneys' fees that are large multiples of the damages recovered or multiples of the damages claimed." *Moriarty I*, 233 F.3d at 968. "When recovery is low *enough* in relation to demand, however, the judge may jettison the lodestar apparatus and choose an appropriate fee using other means." *Cole*, 169 F.3d at 488 (citing *Farrar*, 506 U.S. at 114-15); *accord Cruz v. Town of Cicero*, *Ill.*, 275 F.3d 579, 592 (7th Cir. 2011) ("While a district court may not mechanically reduce a lodestar based on the fact that a plaintiff does not prevail on every theory and every demand, in some cases plaintiffs prevail on such an insignificant part of the case that a district court may make an adjustment to ensure that compensation is not awarded for entirely unsuccessful work …").

Judge Cole recommended a global reduction of "not less than 55%" off the lodestar calculation. Officer Macon's "objection" is at heart an argument that the Court accept Judge Cole's recommendation and reduce the lodestar by more than 55%. In support of his position,

Officer Macon first highlights the overstaffing that occurred in the case. While Judge Cole certainly recognized the overstaffing that occurred in this case, he did not explicitly specify in detail how his concerns about overstaffing translated into the reduction of 55%. Second, Officer Macon argues that 55% reduction does not go far enough in addressing the gross disproportionality between the claims upon which Plaintiff succeeded (1 out of 29) and the amount demand ($500,000 at settlement and $200,000 at trial) and the amount awarded ($3,001), particularly in light of the City's offer of judgment (on all claims *except* that against Officer Macon) in the amount of $20,000, which offer Plaintiff rejected.

Beginning with the issue of overstaffing, Judge Cole considered the valid concerns raised by the City, joined by Officer Macon, as to the overstaffing that occurred in this matter. Plaintiff employed five lawyers on this case, three of them senior attorneys with billing rates in excess of $400/hr or higher. As Judge Cole correctly stated, this was not a complicated case and it did not require five lawyers to handle it. When considering that the only claim upon which Plaintiff prevailed was the excessive force claim against a single officer, the simplest of the claims brought, five lawyers becomes even more excessive. "Judges have to be careful when they are spending other people's money." *Cooper v. Casey*, 97 F.3d 914, 920 (7th Cir. 1996). The Court is particularly mindful of spending someone else's money when, due to the unique circumstances here, Officer Macon is the only party on the hook for the fees under § 1988.

Turning to the issue of proportionality of the verdict to the demand, it is undeniable that Plaintiff's $500,000 settlement demand, and $200,000 damage request to the jury, is vastly in excess of the amount ultimately awarded. The victory in relation to the claims brought – 1 successful claim out of 29 – is also a concern. In this matter, the proportionality of the Plaintiff's claims to his success merits a global reduction in the lodestar. The disproportionate relationship

between the size of the award and the fees requested strengthens support for a global reduction. Even using the adjusted lodestar figure of approximately $618,000, a straight lodestar fee award would be more than 200 times the amount of the verdict. A request for fees that is a large multiple of the amount awarded at trial "raises a red flag" and is a reason to pause are reflect on the amount requested. *Anderson v. AB Painting and Sandblasting, Inc.*, 578 F.3d 542, 546 (7th Cir. 2009); *see also Cooke v. Stefani Mgmt Svcs*, 250 F.3d 564, 570 (7th Cir. 2001) ("in a simple case with no broad social impact, [plaintiff's] attorneys should be happy to receive fees of nearly seven times the amount of their client's recovery.") Judge Cole wisely referred to the fee request in this case as "disturbingly disproportionate to the recovery" and this Court agrees.

Finally, while the $20,000 offer of judgment made by the City pursuant to Rule 68 does not eviscerate the fees requested in this case, both because the offer of judgment did not include the claim against Officer Macon and because the City prevailed at trial and therefore is not responsible for any fees owed pursuant to § 1988, the fact of the judgment offer does strike this Court as significant. Had Plaintiff accepted that offer, the trial would have been reduced to the single and legally uncomplicated claim against Officer Macon, which would have likely taken less than two days to try before a jury. Since Plaintiff did not accept that offer, the trial instead took five full days. It does not strike this Court as equitable that Officer Macon now be saddled with fees that include the costs required to try the unsuccessful portion of the case given that it was Plaintiff's decision to refuse a settlement offer on the vast majority of the claims still at issue.

In sum, Judge Cole conservatively recommended to this Court that the lodestar be reduced by "not less than 55%." The Court agrees that the Officer Macon's suggestion of a reduction of 96% is also excessive, but in light of the great disparity between the settlement

10

demand, the trial demand, and award, and the even greater disparity between fee request and award, the evidence of overstaffing, and Plaintiff's refusal of the offer of judgment that would have greatly simplified the case during discovery and likely reduced the trial to less than two days in length, the Court reduces the lodestar calculation by 80%.

### Prejudgment Interest

Plaintiff seeks pre-judgment interest on the amount of the attorneys' fee award. Granting of prejudgment interest is left to the discretion of the Court, with the general rule that "prejudgment interest should be presumptively available to victims of federal law violations." *United States v. Bd. of Educ. of Consol. High Sch. Dist. 230, Palos Hills, Ill.,* 983 F.2d 790, 799 (7th Cir. 1993) (quoting *Gorenstein Enter., Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431, 436 (7th Cir. 1989). The basis for the presumption is that without it, compensation would be incomplete and a defendant would have an incentive to delay. *See Gorenstein*, 874 F.2d at 436. In this case, particularly with a punitive award, prejudgment interest does complete compensation. *Id.* ("The award of prejudgment interest is particularly appropriate in a case such as this where the violation was intentional…"). However, it is also true in this case that any delay in an award of attorneys' fees cannot be attributed to defendants. *See Shott v. Rush-Presbyterian – St. Luke's Med. Ctr.*, 338 F.3d 736, 746 (7th Cir. 2003) ("It would have been inappropriate to provide the plaintiff with an enhancement for the delay when the plaintiff caused the delay"). It is undisputed that notwithstanding the split verdict and vast discrepancy between amount demanded and amount awarded, Plaintiff refused to reduce his fee request in any way from the full amount charged over the course of the entire case, even following the required Local Rule 54.3 conference. The purpose of Local Rule 54.3 is to allow the parties to cooperate in good faith to reduce the number of disputes presented to the Court. *See* N.D. Ill. L.R. 54.3(e);

11

*see also Riddle v. National Sec. Agency, Inc.*, 2010 WL 1655443 at *2 (N.D. Ill. April 23, 2010) ("Following the rule compels the parties to focus on specifics, and should result in the presentation of 'discrete objections to specific items in the fee petition that can be ruled upon with relative dispatch.").  Had Plaintiff made a more reasonable ask for the fees awarded in the first instance, the necessary briefing, R&R, objections thereto, and this Opinion might not have been necessary, or at a minimum the disputes at issues could have been considerably narrowed.

Therefore, in light of the prevailing caselaw presuming the award but also accounting for Plaintiff's conduct and the resultant fee litigation before Judge Cole and this Court, the Court awards prejudgment interest but will move the date for the commencement of the interest until the date of the issuance of the R&R, November 20, 2012, thereby neutralizing the time required to sort through Plaintiff's fee petition.  Prejudgment interest shall be calculated at 3.25%.  *First Nat'l Bank of Chicago v. Standard Bank & Trust*, 172 F.3d 472, 480 (7th Cir. 1999) (prevailing prime rate appropriate for prejudgment interest).

## City's Bill of Costs

Judge Cole did not address the City's bill of costs taxable under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, filed shortly after the verdict in the City's favor [Dkt. 345].  Judge Cole's failure to address the City's bill of costs is not a reflection on their relative worth.  This Court did not refer the costs to Judge Cole; therefore, he had no authority to review them and properly refrained from doing so.

For purposes of Rule 54(d), the "prevailing party" is the party who prevails "as to the substantial part of the litigation." *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985).  As between Plaintiff and the City (as opposed to Plaintiff and Officer Macon), the City is unquestionably a "prevailing party" for purposes of Rule 54(d)

12

as it prevailed on all claims against the City directly and also prevailed on all claims against the individual officers whose costs of defense the City covered. Rule 54(d)(1) "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir.2006); *see also U.S. Neurosurgical Inc. v. City of Chicago*, 572 F.3d 325, 333 (7th Cir. 2009). The City did not prevail solely with respect to the excessive force claim. Taxing costs against the non-prevailing party requires two inquiries—whether the cost is recoverable and whether the amount assessed is reasonable. *See Little v. Mitsubishi Motors North America, Inc.*, 514 F.3d 699, 702 (7th Cir.2008). District courts may exercise considerable discretion when determining whether a particular cost is reasonable and necessary. *See U.S. Neurosurgical*, 572 F.3d at 333.

In light of the split verdict in this matter, Plaintiff has objected that some of the costs listed in the City's Bill of Costs concern depositions of witnesses whose testimony was relevant to the excessive force claim. Plaintiff requests that these costs be denied in their entirety. While the witnesses may have been relevant to the excessive force claim, any depositions taken were undoubtedly considerably longer than they would have been had the excessive force claim been the only claim pending. Therefore, the Court reduces the City's requested costs for the court reporters and transcripts of Officers Schmitz, Orlando, Harper, Tatum and Evans, and for non-party witnesses Scott, Preyar, Jones and Greer, by 20%, and reduces the request for the cost of the deposition of Officer Macon by 50%. The Court also denies the City the cost of the process server fees and witness fees for witnesses Scott, Preyar, Brooks and Thompson, since these witnesses had testimony relevant to the excessive force claim.

With respect to Plaintiff's objection to the photocopying costs of $0.12 per page, Plaintiff's objection is overruled. Recent decisions in this district have found costs between 10

and 20 cents per page to be reasonable. *See, e.g., LG Electronics, U.S.A., Inc. v. Whirlpool Corp*, 2011 WL 5008425 at *7 (N.D. Ill. Oct. 20, 2011) (collecting cases). In light of the split verdict, the Court grants the same 20% reduction in photocopying costs to reflect that a limited portion of the documents produced would have been produced even had the case been solely a claim for excessive force, but the vast majority of the documentation likely would not have been relevant.

### Conclusion

For the reasons stated herein, the objections to Judge Cole's R&R are overruled in part and sustained in part, as modified herein. Plaintiff is awarded fees in the amount of $123,165.24, awarded against Officer Macon pursuant to 42 U.S.C. § 1988, representing the revised lodestar calculation of $615,826.20 reduced by 80%. Plaintiff is awarded prejudgment interest on the judgment and fee awards with calculation to begin November 12, 2012, the date of the issuance of the Report and Recommendation of Judge Cole. Finally, the City is awarded costs under 28 U.S.C. § 1920 but the award is reduced in accordance with the specific directions set forth herein.

Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date:  June 5, 2013