**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANDREW RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 4824 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

The plaintiff has filed a petition for an award of attorneys' fees incurred in the pursuit of the attorneys' fees incurred litigating this case. After recovering a judgment of just $3,001, the plaintiff's previous petition sought an award of $675,383.20. Given the limited success achieved and other relevant considerations, the district court reduced that amount by 80% to $123,165.24. Now, the plaintiff asks that he be awarded $47,985.00 in compensation for the time spent pursuing the attorney fee award. (*Motion* at 4). However, in the reply brief the number requested is $47,155.00, which, the plaintiff's lawyers say, is neither inflated or unreasonable "for a year and a half of work pursuing fees...." (*Reply* at 4).

Before turning to the merits it should be noted that long after the petition was filed, the plaintiff sought to withdraw it without prejudice. That motion was denied on October 7, 2013 pursuant to the following order:

> The plaintiff has moved to withdraw his petition for supplemental attorneys' fees without prejudice 451 455 .The motion for supplemental fees was filed on 7/15/13. 439 . Judge Kendall referred the motion here for a Report and Recommendation on 7/29/13. 441 . On 8/7/13, a briefing schedule was set which gave Officer Macon until 9/9/13 to respond and the plaintiff had until 9/30/13 to reply. 446 . The response was filed on 9/9/13. 450 . No reply was filed. Instead, on 9/30/13 the plaintiff filed the present motion to withdraw its petition for supplemental fees. On 10/1/13 I entered

a minute order which noted in part that the motion to be withdrawn was filed more than two months ago and the defendant has been put to the burden of responding. The minute order also stated "[o]n the surface it certainly seems inappropriate for the plaintiff to have waited this long and allowed the defendant to incur time and additional costs in responding to the motion." 453 . At the hearing today, counsel for the plaintiff argued that it was inefficient for everyone not to allow the motion to be withdrawn. While the defendant has not objected to the motion, I am not bound by that concession. Cf, United States v. Anderson, 547 F.3d 831, 833 (7th Cir. 2008)(Posner, J.). Nor is the plaintiff's argument that "litigation is run by the lawyers" persuasive. The argument is true so long as the court is not asked to rule on a matter that the parties have submitted to it. Once that occurs, the litigants no longer control judicial conduct, and lawyers and their clients quite properly must bear the consequences of their own strategic decisions. Crowe ex rel. Crowe v. Zeigler Coal Co., 646 F.3d 435, 444 (7th Cir. 2011). Here, the motion was filed six weeks after Judge Kendall had issued her opinion in this case. The plaintiff made a voluntary decision to submit the matter to the court. It is too late for the plaintiff to decide to switch course. The motions to withdraw the petition for supplemental fees 451 455 are denied. The supposed considerations of efficiency should have been plain to the plaintiff before they filed the motion and certainly before the defendant responded. Beyond that, it will be an easy matter regardless of the outcome of the case in the Court of Appeals to recalibrate the fee award for the time spent in preparing the original fee petition. The plaintiff's reply brief shall be due on Wednesday 10/9/13.

[#456].

This is the second round of fee litigation in this case. *See Richardson v. City of Chicago* 2012 WL 6185867, 2 (N.D.Ill.2012), objections sustained in part and overruled in part, *Richardson v. City of Chicago,* 2013 WL 2451107, 1 (N.D.Ill.2013)(reducing even further the fee award). Courts have stated time and again that fee petitions should not become satellite litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Divane v. Krull*, 319 F.3d 307, 317 (7th Cir. 2003). Litigation over a fee petition covering a fee petition is really a satellite orbiting a satellite. And in this case, unfortunately, both the satellite and its satellite are dwarfing the planet. It is, as Judge Posner has said, "the tail wagging the dog . . . ." *Ustrak v. Fairman*, 851 F.2d 983, 987 (7th Cir. 1988). Since most of the appropriate considerations were detailed and discussed extensively in the previous opinions, they will not be revisited in depth here. *See supra* at 1. Suffice it to say that most

of the same concerns counsel that the amount sought by the plaintiff be significantly reduced.

To begin with, one is startled by the numbers. The amount the plaintiff's attorneys want for pursuing their fees is 16 times the amount they recovered for their client. It is about 40% of the fee they were awarded for litigating the case, itself. Discrepancies such as this convinced the court to lower the plaintiff's previous fee award significantly (Dkt. # 434, at 5, 9-10), and rightly so. *See, e.g., Anderson v. AB Painting and Sandblasting Inc.*, 578 F.3d 542, 546 (7th Cir. 2009); *Schlacher v. Law Offices of Phillip J. Rotche & Associates, P.C.*, 574 F.3d 852, 857 (7th Cir. 2009); *Moriarty ex rel. Local Union No. 727, I.B.T. Pension Trust, and the Teamsters Local Union No. 727 Health and Welfare Trust v. Svec*, 429 F.3d 710, 717 (7th Cir. 2005).

The fee petition also raises the question how many attorneys does it reasonably take to file a fee petition? In this instance, the answer for the plaintiff's lawyers is four, working over 80 hours with the assistance of a paralegal putting in another 9 hours. In a case where the court determined that employing five attorneys to litigate constituted overstaffing (Dkt. # 434, at 9), employing four attorneys and a paralegal to pursue a fee award is simply not reasonable. Granted, the fee petition and reply brief were uncharacteristically lengthy – 23 pages and 17 pages – but that may speak more to some skewing of priorities here. By comparison, the plaintiff used just 18 pages to defend against a motion for summary judgment. (Dkt. # 174). It's worth pointing out that, in the case the plaintiffs cite to support their entitlement to compensation for their fee petition, the fee petition required just 1.6 hours. *Kurowski v. Krajewski*, 848 F.2d 767, 776 (7th Cir. 1988).

As with any petition for fees, "results obtained" is the most critical factor to consider. *Hensley*, 461 U.S. at 439 n.9.; *Richardson*, *supra*, 2012 WL 6185867. Here, one cannot ignore that the fee petition was not particularly successful. The plaintiff obtained just 20% of what he sought.

3

This is not a particularly successful result.

So, as with the original fee award, the plaintiff's request ought to be reduced by 80%, for essentially all the same reasons. Also, as with the original fee award, the City is not liable, because the plaintiff recovered only a *de minimis* amount from the City. (Dkt. # 434, at 4). And, again, as with the original fee award, this court is without jurisdiction to address Officer Macon's claim that the City is vicariously liable for any fee award against him. (Dkt. # 434, at 6).

The plaintiff also seeks post-judgment interest on the jury's verdict from the day it was entered and on the fee award from the date that judgment was entered. Plaintiff is, of course, entitled to both, and defendant Macon does not dispute this. 28 U.S.C. § 1961(a); *Dalton v. Jones, Bird & Howell*, 1993 WL 157457, 5 (7th Cir. 1993).

The amount requested by the plaintiff is manifestly unreasonable, and the course chosen by Judge Kendall in deciding the initial fee application has at least equal applicability here. Consequently, the current fee request should be reduced by at least 80% to $9,597.

**ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 10/18/13

Specific written objections to this report and recommendation may be served and filed within 14 business days from the date that this order is served. Rule 72(b)(2), Federal Rules of Civil Procedure (effective 12/1/09). Failure to file objections with the District Court within the 14-day period will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *See Video View, Inc. v. Studio 21 Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986) *See also United States v. Brown*, 79 F.3d 1499, 1504, n. 4 (7th Cir. 1996).